United States District Court
For the Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RONALD DENNIS, | No. C 10-3093 SI (pr) |
|     Petitioner, | **ORDER TO SHOW CAUSE** |
|   v. | |
| ARNOLD SCHWARZENEGGER, | |
|     Respondent. | |

## INTRODUCTION

Ronald Dennis, an inmate at the Correctional Training Facility in Soledad, filed this pro se action seeking a writ of habeas corpus pursuant to 28 U.S.C. § 2254. His petition is now before the court for review pursuant to 28 U.S.C. §2243 and Rule 4 of the Rules Governing Section 2254 Cases.

## BACKGROUND

Dennis states in his petition that he is serving an unspecified sentence on a 1981 conviction in Ventura County Superior Court for second degree murder. His petition does not challenge that conviction but instead challenges a May 29, 2008 decision by Governor Schwarzenegger that reversed a decision by the Board of Parole Hearings ("BPH") and found him not suitable for parole. Dennis apparently filed unsuccessful habeas petitions in the state courts, including the California Supreme Court, before filing this action.

**DISCUSSION**

This court may entertain a petition for writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). A district court considering an application for a writ of habeas corpus shall "award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto." 28 U.S.C. § 2243. Summary dismissal is appropriate only where the allegations in the petition are vague or conclusory, palpably incredible, or patently frivolous or false. See Hendricks v. Vasquez, 908 F.2d 490, 491 (9th Cir. 1990).

Dennis alleges in his petition that the Governor's decision violated his federal right to due process because it was not supported by sufficient evidence. Liberally construed, the claim is cognizable in a federal habeas action.

In his petition, Dennis states that his claim is "fully set forth in Petitioner's Memorandum in Support of Petition for Writ of Habeas Corpus." Petition, p. 3. The court did not receive any such memorandum. The only filing the court received from petitioner was the five-page document captioned "Notice: Application For Writ of Habeas Corpus Pursuant To 28 U.S.C. 2254(d)(1)(e)(1) Memorandum Of Points and Authorities." The absence of the memorandum does not change the fact that a claim for relief has been pled in the document that was filed. However, if there are facts and law the petitioner wants the court to consider, he should either immediately file that missing memorandum or should include the facts and law in his traverse.

**CONCLUSION**

For the foregoing reasons,

1. The petition warrants a response.

2. The clerk shall serve by certified mail a copy of this order, the petition and all attachments thereto upon respondent and respondent's attorney, the Attorney General of the State

of California.  The clerk shall also serve a copy of this order on petitioner.

3. Respondent must file and serve upon petitioner, on or before **October 1, 2010**, an answer conforming in all respects to Rule 5 of the Rules Governing Section 2254 Cases, showing cause why a writ of habeas corpus should not be issued.  Respondent must file with the answer a copy of all portions of the parole hearing record that have been previously transcribed and that are relevant to a determination of the issues presented by the petition.

4. If petitioner wishes to respond to the answer, he must do so by filing a traverse with the court and serving it on respondent on or before **November 5, 2010**.  Petitioner's traverse may not exceed 20 pages in length.

5. Petitioner is responsible for prosecuting this case.  He must keep the court informed of any change of address and must comply with the court's orders in a timely fashion.  Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

IT IS SO ORDERED.

DATED: July 29, 2010

_____
SUSAN ILLSTON
United States District Judge